BLD-119                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1335
_____

IN RE: JONATHAN DAVEY,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1:22-cv-02254)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 30, 2023

Before:  KRAUSE, PORTER, and MONTGOMERY-REEVES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 12, 2023)
_____

OPINION*
_____

PER CURIAM

Jonathan Davey, proceeding pro se, petitions for a writ of mandamus to compel

the United States District Court for the District of New Jersey to adjudicate his petition

for habeas corpus.  By order entered on March 20, 2023, the District Court denied his

habeas petition and closed the case.  In light of the District Court's action, Davey's

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

mandamus petition no longer presents a live controversy.  Therefore, we will dismiss it as moot.  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").